**Veda SPEAKS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant.**

**No. CV 92–7193–ER(EE).**

United States District Court,
C.D. California.

March 31, 1994.

Ellen S. Finkelberg, Finkelberg & Finkelberg, Los Angeles, CA, for plaintiff.

John E. Nordin, II, Asst. U.S. Atty., Los Angeles, CA, for defendant.

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

RAFEEDIE, District Judge.

The Court, having reviewed the complaint and other papers herein pursuant to 28

U.S.C. § 636, hereby approves the accompanying Report and Recommendation and Final Report and Recommendation of the United States Magistrate Judge and adopts the findings, conclusions, and recommendations therein.

IT IS ORDERED that Judgment be entered denying and dismissing the action.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein by United States mail on Plaintiff and counsel for Defendant.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EDWARDS, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable Edward Rafeedie, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### 1. *Proceedings.*

Plaintiff filed the complaint herein to review the decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff disability benefits. The parties have filed crossmotions for summary judgment, which were taken under submission without oral argument (neither party having requested oral argument). *See,* order re further proceedings dated December 10, 1992.

### 2. *Background of the Secretary's decision.*

Plaintiff filed her application for disability benefits on June 5, 1990, under Title XVI of the Social Security Act. (Administrative Record, "AR," 254–257). After a hearing by an administrative law judge ("ALJ"), plaintiff's application was denied, and the Appeals Council denied review. (AR 10–15, 2–3)

### 3. *Standard of review.*

Under 42 U.S.C. § 405(g), this court reviews the Secretary's decision to determine

if: (1) the Secretary's findings are supported by substantial evidence; and (2) the Secretary used proper legal standards. *Swanson v. Secretary,* 763 F.2d 1061, 1064 (9th Cir. 1985).

### 4. *The issue to be decided.*

Although the parties word their contentions somewhat differently, the sole issue requiring decision in this case is whether plaintiff's activities as a prostitute can constitute substantial gainful activity which disqualifies her from being found disabled. If unlawful prostitution can properly be classified as a "substantial gainful activity" within the meaning of the Social Security regulations, the ALJ's decision must be affirmed; otherwise, it must be reversed.

### 5. *The underlying facts are not in dispute.*

The ALJ took testimony from plaintiff on February 20, 1992. (AR 64–82.)[1] He then made findings that claimant had been making at least $600 per month since 1971 working as a prostitute, among other things. Plaintiff's prostitution was construed by the ALJ to constitute "substantial gainful activity" within the meaning of the Social Security regulations. Since plaintiff was found able to continue to engage in that activity, the ALJ found that she was not under a "disability" as defined in the Social Security Act. (AR 14–15.)

### 6. *Plaintiff's contentions.*

Plaintiff contends that it is beyond dispute that she was a drug addict and that drug addiction is a "severe impairment" within the meaning of the Social Security regulations. She further contends that if the ALJ had found that prostitution was not a "substantial gainful activity" and had carried out the sequential analysis required by 20 C.F.R. § 416.920 (discussed below), the ALJ would have concluded that plaintiff was disabled.

The Secretary contends that the ALJ properly found that plaintiff was engaged in substantial gainful activity and was therefore properly classified as "not disabled" without

---

1. The record also contains the transcript of a hearing in which plaintiff testified before a different ALJ on an earlier claim for disability. (AR 27–63.)

the necessity of considering her drug addition or proceeding further in the sequential analysis of 20 C.F.R. § 416.920.

7. *Unlawful prostitution cannot be considered substantial gainful activity.*

Only a few prior published cases have considered the issue, but all have determined that criminal activity *can* be "substantial gainful activity" under the Social Security regulations. *See, e.g., Dotson v. Shalala,* 1 F.3d 571 (7th Cir.1993), and cases cited therein. The Secretary also attached to her motion copies of unpublished opinions by district courts. All of the cases cited are consistent, but none is binding on this court.

In *Dotson,* the plaintiff was a thief, and his illegal activity *was* determined to be substantial gainful activity. Other cases cited by the Secretary included drug dealers and the like. No basis is seen for distinguishing the illegal activity of a prostitute from the illegal activity of drug dealers or thieves for purposes for construing the Social Security regulations. Therefore, if this court agrees with the prior cases, it should find for the Secretary in this case.

There is a surface appeal to the Secretary's position. She argues that the Social Security statute and regulations "create no favored status for criminal substantial gainful activity." *See,* defendant's cross motion for summary judgment filed June 23, 1993, hereinafter "defendant's motion," at p. 4.)

Similarly, rhetoric in the ALJ's decision is emotionally appealing. In finding against plaintiff, the ALJ concluded:

It is inconceivable to this Administrative Law Judge that the Congress of the United States could have intended to withhold Social Security benefits from honest, hard working, physically and mentally-impaired citizens who legally earn more than $500 per month and then pay benefits to an allegedly impaired claimant who engages in prostitution when she earns more than $500 per month from illegal activities. Therefore, because the Administrative

Law Judge has concluded that the claimant has engaged in substantial gainful activity, section 416.920(b) of the Social Security Regulations directs a conclusion that the claimant is not disabled.

(AR 14.)

In *Dotson, supra,* the 7th Circuit[2] discussed the issue of whether illegal activity could be "substantial gainful activity" under the Social Security regulations and concluded that it could. *Dotson,* 1 F.3d at 575–578. The Social Security claimant in *Dotson* was a drug addict who used $200–$300 worth of heroin and cocaine each day and supported his habit by stealing. The ALJ found that he made about $5600 per month, the bulk of which was from illegal activities. *Dotson,* 1 F.3d at 573–74. The ALJ and the 7th Circuit concluded that claimant's illegal activities constituted "substantial gainful activity."

Title XVI of the Social Security Act, which governs the eligibility of claimants for supplemental security income ("SSI") benefits, defines "disability" in terms of the inability of a person "to engage in any substantial gainful activity . . ." 42 U.S.C. § 1382c(a)(3)(A). The issue under consideration is thus a question of law, i.e., whether the Social Security regulations, as interpreted by the ALJ, correctly construe the meaning of "substantial gainful activity." The regulations define "substantial gainful activity" as follows:[3]

"Substantial gainful activity is work activity that is both substantial and gainful:"

(a) *Substantial work activity.* Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity.* Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is

---

**2.** No other circuit has addressed this issue.

**3.** The Secretary of Health and Human Services is delegated the responsibility for defining substan-

tial gainful activity under the Social Security Act. *See* 42 U.S.C. § 1382c(a)(3)(D).

the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities.* Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 416.972.

Literally, the above definition of substantial gainful activity does not exclude unlawful activity. However, as repulsive as the idea may be that a criminal who is making substantial illegal income might also qualify for SSI, to interpret the law otherwise leads to even more absurd, undesirable consequences. For example, assuming—as plaintiff argues—that for various mental and other reasons she cannot perform *any* job that would generate *lawful* income, *she would be barred from SSI even if she totally abandoned her unlawful activities.*

As noted above, the determination of whether a person is entitled to SSI benefits requires the Secretary to go through a sequential evaluation process. The 4th step in the sequence is to determine whether a claimant is capable of doing past relevant work. Under § 416.920(e) of the regulations, if an SSI claimant is not working, the Social Security Administration will review a claimant's capacity to do the work she has done in the past:

(e) *Your impairment(s) must prevent you from doing past relevant work.* If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. § 416.920(e).

In other words, if plaintiff terminated her activities as a prostitute, the Social Security Administration would be required to determine whether she was *capable* of going back to prostitution to make a living. If she was able to do that, she would be found "not disabled". *See also,* 20 C.F.R. § 416.971 ("if you are able to engage in substantial gainful activity, we will find that you are not disabled.") Congress could never have intended that ex-prostitutes and ex-thieves must return to prostitution and thievery if those are the only things they are capable of doing for a living.

To buttress her position, the Secretary attempts to analogize the treatment of plaintiff to the treatment of taxpayers who have unlawful earnings under the tax laws. It is, of course, indisputable that the Internal Revenue Code includes "illegal gains" in a taxpayer's gross income. *Dotson v. Shalala, supra,* 1 F.3d at 577. The tax laws, however, are always directed toward the illegal gains of *past activities.* There is nothing in the tax laws that would put the taxpayer in the position of being legally expected to rely in the future on continuing illegal activity. In this case, however, the Secretary's denial of plaintiff's claim for SSI—without deciding that plaintiff is capable of any other activity—is tantamount to telling her that it is expected that in the future she will earn her living through prostitution.

Lurking in the Secretary's position is the moral objection to the possibility that in the future, plaintiff will not only receive SSI but will also continue to engage in prostitution to supplement her income. There is nothing in the law or regulations, however, that would prevent the Secretary from deducting from plaintiff's SSI payments, as they become due, any amount of income she receives from whatever sources (legal or illegal). *See, generally,* 20 C.F.R. § 416.1100, *et seq.*[4] Furthermore, even if plaintiff were found to be disabled and entitled to SSI, the Secretary presumably would not make the payments directly to her. Rather, the Secretary would make such payments to a "representative payee" on behalf of the plaintiff, assuming it is determined that plaintiff is disabled and is a drug addict. *See,* 20 C.F.R. § 416.-

---

4. Criminal conduct by plaintiff, like that of any other SSI recipient, also could obviously result in criminal prosecution. The suspicion that any individual will engage in criminal conduct in the future, however, has never been a valid basis for denying rights prior to conviction.

610(a)(3). Moreover, the Secretary could require plaintiff to participate in an approved program for treatment of drug addiction, and if plaintiff failed to participate, she would not remain eligible for SSI benefits. 20 C.F.R. § 416.1720, 416.1725.

In short, the ALJ's interpretation of the regulations constituted legal error and deprived the plaintiff of an opportunity to show that she was in fact incapable of engaging in any substantial gainful activity.[5]

### 8. *Conclusion and recommendation.*

For the foregoing reasons, the magistrate judge recommends that the decision of the Secretary finding that the plaintiff was not disabled be reversed and that the action be remanded to the Secretary for further proceedings. *There is nothing in this recommendation intended to imply that plaintiff is entitled to SSI benefits.* It may be that in the 5–step analysis required by the regulations, the Secretary will find, for example, that plaintiff is not a drug addict and does not have *any* severe impairment. Alternatively, the Secretary may find that even if plaintiff has a severe impairment, she can still perform other work than prostitution or other illegal activities. The remand recommended herein requires *only* that the Secretary proceed through the sequential analysis required by 20 C.F.R. § 416.920, and it does not preclude consideration of any other evidence the Secretary may deem appropriate.

DATED: February 2, 1994.

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Supplemental Report and Recommendation and the attached Report and Recommendation are submitted to the Honorable Edward Rafeedie, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

On February 4, 1994, the Clerk filed Notice Of Filing Of Magistrate Judge's Report And Recommendation And The Lodging Of Proposed Judgment, which was served on the parties, together with copies of the report and recommendation.

■ The Secretary has timely filed her objections to the report and recommendation. In the original report and recommendation, the magistrate judge concluded that plaintiff's prior unlawful employment as a prostitute could not properly be classified as "substantial gainful activity" within the meaning of the Social Security regulation, and therefore that she could not be automatically disqualified for disability benefits based on that prior activity. The Secretary's objections are based only on the newly decided Ninth Circuit case, *Corrao v. Shalala*, 20 F.3d 943 (9th Cir.1994). The *Corrao* case is directly on point, and its reasoning is directly contrary to the interpretation of the regulations made by the magistrate judge. In *Corrao*, the Ninth Circuit specifically held that criminal activity could be "substantial gainful activity" within the meaning of the Social Security regulation.

Plaintiff filed a response to the Secretary's objections on February 16, 1994, arguing that *Corrao* is not inconsistent with the magistrate judge's original recommendation. The magistrate judge disagrees. It is undisputed that there was substantial evidence to support the ALJ's finding that plaintiff had been making at least $600 a month since 1971 working as a prostitute. The magistrate judge concluded that plaintiff's activity could not be considered "substantial gainful activity" because, in effect, it required her to continue in an illegal profession instead of receiving SSI benefits. The Secretary considered it irrelevant that plaintiff allegedly could not work in any activity other than prostitution because her drug addiction and mental state allegedly rendered her incapable of doing so. (The Secretary did not contend that plaintiff could make a living in some legal activity, but simply did not reach

---

**5.** Plaintiff also submitted a "Response to Defendant's Supplemental Citation" enclosing an exhibit purporting to show that in another case apparently handled by plaintiff's attorney, the Secretary took a contrary position to the one taken herein. The exhibit was not submitted in compliance with Local Rule 7 and was not considered by the magistrate judge.

the issue. Under the regulations, the fact that plaintiff had previously been working at anything, *legal or illegal,* that constituted "substantial gainful activity" automatically disqualified her from receiving SSI benefits.)

■ Plaintiff urges that the case be remanded to the ALJ for further proceedings to determine whether plaintiff can actually do anything else than be a prostitute. However, *Corrao* holds that if an activity *is* "substantial gainful activity," then its legality or illegality is irrelevant. Concededly, the court in *Corrao* concluded that the activities of the plaintiff there (as a drug dealer) did not actually constitute "substantial gainful activity," because the activities consumed less than one hour a day, the vast majority of which time was spent merely riding as a passenger in a car. *Corrao,* 20 F.3d at 948. The Ninth Circuit also noted that Corrao's activity "did not require any significant mental or physical exertion" and that he "did no planning," "did not use his own money for the transactions" and received his payment in drugs to support his addiction. The Ninth Circuit concluded that "there is no indication of initiative, organization, responsibility, or physical or mental exertion by Corrao as is required for [substantial gainful activity]." *Corrao,* 20 F.3d at 949.

The *Corrao* court also distinguished Corrao's activities from "traditional employment" or activities as a "sole proprietorship." *Corrao,* 20 F.3d at 949. The thrust of the entire *Corrao* opinion clearly established that being a drug dealer could be "substantial gainful activity" within the meaning of the Social Security regulations; however, just occasionally acting as a go-between between dealers and buyers in return for drugs to support a drug habit was not sufficiently like real world employment or business to disqualify Corrao from receiving SSI benefits.

Prostitution is different from the activities of Corrao as an illegal drug dealer. Prostitution is indisputably a profession which, though illegal in California, is legal elsewhere. The fact that plaintiff herein may have become a prostitute to support her own drug habit is as legally irrelevant under the reasoning of *Corrao* as it would be if she had become a window washer or chimney cleaner to support her habit.

Accordingly, there is no basis for remanding this case for further proceedings before the ALJ. Even if plaintiff established that she was incapable of earning a living any other way, the record is more than adequate to show that she was engaged in an activity, albeit illegal, that constituted "substantial gainful activity" within the meaning of the Social Security regulations.

In view of the foregoing, the magistrate judge reverses his prior recommendation and recommends that defendant's motion for summary judgment be granted, that plaintiff's motion be denied, and that the action be dismissed, in accordance with the proposed judgment lodged herewith.

Any party having objections to this supplemental report and recommendation and proposed judgment shall, not later than 10 days from the date hereof, file and serve a written statement of objections with points and authorities in support thereof. Failure to so object within the time limit shall be deemed consent to this recommendation and a waiver of any appeal.

DATED: February 17, 1994.

### FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Final Report and Recommendation and the attached Supplemental Report and Recommendation are submitted to the Honorable Edward Rafeedie, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

On February 18, 1994, the Clerk filed Notice Of Filing Of Magistrate Judge's Report And Recommendation And The Lodging Of Proposed Judgment, which was served on the parties, together with copies of the Supplemental Report and Recommendation.

The Notice of Filing granted the parties 10 days to file objections. The parties filed none. The Notice of Filing specifically advised the parties that failure to object within the time limit specified "shall be deemed as

consent to the recommendation and a waiver of any appeal." Accordingly, the parties have now consented to the recommendation of the supplemental report.

IT IS THEREFORE THE FINAL RECOMMENDATION that the court approve these reports and recommendations and enter judgment granting defendant's motion for summary judgment, denying plaintiff's motion, and dismissing the action.

Dated: March 17, 1994.