**Jimmie L. JONES, Plaintiff–Appellant,**

**v.**

**Donna SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 92–3342.**

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1994.

Decided April 7, 1994.

Robert M. Hodge, Thomas Yates, Robert E. Lehrer, Legal Assistance Foundation of Chicago, and Rebecca L. Saunders (argued), Legal Assistance Foundation, Chicago, IL, for plaintiff-appellant.

Michael C. Messer (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel and Michele M. Fox, Asst. U.S. Atty., Office of the U.S. Atty., Civ. Div., Appellate Section, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

POSNER, Chief Judge.

This is the unusual but not unprecedented case in which a person who has a good income, entirely from criminal activities, argues that nevertheless he is permanently disabled from engaging in substantial gainful employment and is therefore entitled to social security disability benefits. 42 U.S.C. § 1382(a)(1)(A).

■ The Social Security Administration's regulations establish a series of hurdles that an applicant for disability benefits must jump over. The first is a determination whether the claimant is currently engaged in substantial gainful activity. If he is, his claim is rejected without consideration of the severity of his mental or physical impairment or how disabling the impairment is. 20 C.F.R. § 416.920. Substantial gainful activity is defined as work that "involves doing significant and productive physical or mental duties" and "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 416.972(a), (b). Earnings in excess of $500 per month (for years after 1989) create a rebuttable presumption of substantial gainful activity. 20 C.F.R. § 416.974(b)(2)(vii); *Dugan v. Sullivan*, 957 F.2d 1384, 1390–91 (7th Cir.1992).

The term "gainful activity" could be thought to imply lawful work, for it would be incongruous to describe even a very prosperous thief as "gainfully employed." But there would be an even greater incongruity in disregarding earnings from criminal activity. For then as between two people earning the same amount of money, one legally and the other illegally, the former would be disentitled to seek social security disability benefits and the latter would be entitled to seek them. The thief would be qualified, the honest man disqualified. We held in *Dotson v. Shalala*, 1 F.3d 571 (7th Cir.1993), and the Ninth Circuit in *Corrao v. Shalala*, 20 F.3d 943, 946–47 (9th Cir.1994), that illegal activity can be "gainful" within the meaning of the disability statute and regulations, and we do not understand the plaintiff in our case to be challenging that holding.

■ But he argues, unavailingly so far in his appeals, that since the presumption is rebuttable, the administrative law judge was required to consider the nature of the illegal activity and not merely the income generated by it. There are cases in which although the claimant is currently earning a decent wage, he really is permanently disabled from engaging in gainful activity. Maybe his boss feels desperately sorry for him and is retaining him on the payroll even though he is incapable of working. That act of charity ought not be punished by denying the employee benefits and thus placing pressure on the employer to retain an unproductive employee indefinitely. *Thomas v. Sullivan*, 928 F.2d 276 (8th Cir.1991). Maybe as in *Chicager v. Califano*, 574 F.2d 161 (3d Cir.1978), a seriously disabled worker is able to work only by dint of his extraordinary determination and the extraordinary assistance extended to him by kindly fellow workers. Or, since $500 a month is nowadays hardly a living wage, we suppose that even a terribly disabled person might be able to scrape that much together by occasional work done at great personal cost, and yet by any realistic criterion he would be permanently disabled and should not be punished for his extraordinary exertions by being denied disability benefits. *Storyk v. Secretary of Health, Education & Welfare*, 462 F.Supp. 152, 158

(S.D.N.Y.1978). These are all cases in which although the disabled person is gainfully employed, the gainful employment is not substantial when viewed in terms of the purpose of the statute, because were it not for effort by himself or others far beyond the call of duty he would not be employed at all. "The claimant may," in short, "rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir.1990). *Corrao* was such a case; the claimant made sporadic sales of drugs to support his habit. The Social Security Administration's regulations note, as a further basis for rebuttal, that "if you are working in a sheltered workshop, you may not be earning the amounts you are being paid." 20 C.F.R. § 416.-974(a)(3).

■ If there are any other types of case in which the presumption is rebutted, this case is not one of them. Jimmie Jones, aged 42, claims to be permanently disabled because of alcoholism, addiction to heroin and cocaine, high blood pressure, diabetes, and back pain. We may assume that he really does suffer from these conditions and that cumulatively they constitute a severe impairment within the meaning of the statute and regulations. Nevertheless if he is engaged in substantial gainful activity the question whether his impairment is so severe as to be permanently disabling cannot be reached. The administrative law judge asked Jones how much it cost him to "do" heroin, cocaine, and alcohol. He answered, "Right about $60.00 per day." "And where do you get $60.00 a day?" she asked. Jones answered, "I steal it, cars, somebody at a bar." This is the only evidence in the record concerning Jones's "gainful employment," although his acknowledgment that he has been arrested more than 100 times does support the inference that he is a career rather than occasional thief.

■ Sixty dollars every day equates to $21,900 a year, which is more than three times the income that triggers the presumption of gainful employment. Jones was explicit, if laconic, that he makes all this money by theft. Surprisingly, he also receives wel-

fare benefits, but he must be using them for his living expenses; the $21,900 is (by his own testimony, uncontradicted) to pay for his addictions. We are hard pressed to understand what kind of evidence might be presented that would rebut the presumption of gainful employment in such a case, and none was—except evidence that Jones is indeed a drug addict and an alcoholic and that it would be difficult for a person so afflicted to hold a steady job. *Williams v. Shalala*, 1994 WL 121461, *7 n. 5, 1993 U.S. Dist. LEXIS 18693, ***19 n. 5 (N.D.Ill. Jan. 5, 1994). But such an approach, in which disability evidence is used to rebut an inference that the applicant for benefits is gainfully employed, does not take the first hurdle seriously. If you are substantially gainfully employed, that is the end of your claim, even if you have compelling medical evidence that you really are disabled. "[A]n individual who does substantial gainful work despite an impairment or impairments that otherwise might be considered disabling is not disabled for purposes of ... social security benefits based on disability during any period in which such work is performed." S.Rep. No. 744, 90th Cong., 1st Sess. 49 (1967) U.S.Code Cong. & Admin.News 1967, 2834, 2883. We said that if the claimant had a kindly employer or kindly fellow employees, or had reached the bare threshold of $500 a month by odd jobs by dint of exertions that he could not sustain on a full-time basis, these circumstances could rebut the presumption of substantial gainful employment. Otherwise a person whose disabilities had driven him to beg for a living would be disqualified from benefits if he obtained $500 a month from begging. But none of these circumstances is present. And once it is granted that illegal activity can be substantial gainful activity within the meaning of the statute and regulations, it becomes bootless to argue that illegal activity is the *only* form of substantial gainful activity that the claimant is capable of engaging in. You are not permanently disabled from all gainful activity if there is at least one gainful activity that you can engage in, and in Jones's case it happens to be petty thievery, yielding him a significant income. In James Joyce's case it was writing; it is fairly plain that Joyce was psychologically (and eventually physically)

unable to engage in any other form of gainful employment.

■ In *Dotson* the court looked at the details of the claimant's illegal activity and satisfied itself that it involved the same kind of physical and mental demands as legal activity. That step may have been unnecessary, since as in this case the claimant was well above the $500 a month threshold. The only ambiguity was that he testified that he begged as well as stole to support his drug habit, and begging is not substantial gainful activity. That wrinkle is not present here. Jones's income is well above the $500 a month threshold, and came from work rather than charity, albeit illegal work, just as in *Bell v. Sullivan*, 817 F.Supp. 719, 723 (N.D.Ill.1993).

To receive disability benefits, an addict must be enrolled in an approved program for the treatment of his addiction—but only "so long as treatment is available," which it rarely is, so that as a practical matter the addict need only be on a waiting list for treatment in order to receive benefits. 42 U.S.C. § 1382(e)(3)(A). A likely outcome of awarding Jones benefits would, therefore, be to enable him to increase the scale of his addictions. That is an argument against awarding disability benefits for disabilities that are due to addiction, and the law is otherwise. But it is a reason for doubting Jones's claim that an award of benefits would enable him to abandon a life of crime.

The judgment of the district court affirming the denial of social security disability benefits to Jones is therefore

AFFIRMED.