Melinda **BELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 95–6384.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 23, 1996.

Decided Oct. 17, 1996 *.

---

* This decision was originally issued as an "unpublished decision" filed on October 17, 1996. On December 31, 1996, the court designated the opinion as one recommended for full-text publication.

Ronald E. Marstin (argued and briefed), Legal Aid Society, Louisville, KY, for Melinda Bell.

James H. Barr, (argued and briefed), Terry M. Cushing, Asst. U.S. Attys., Louisville, KY, for Commissioner of Social Security.

Before MARTIN, Chief Judge; CONTIE, Circuit Judge; CARR, District Judge.**

CONTIE, Circuit Judge:

Plaintiff-appellant, Melinda Bell, appeals the district court's judgment affirming the Secretary's denial of her application for supplemental social security income benefits. For the following reasons, we affirm.

## I.

Plaintiff applied for supplemental security income (SSI) on October 14, 1992, alleging disability due to chronic cocaine and alcohol dependence. The Secretary denied her application initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, who found that plaintiff was not eligible for SSI. The Appeals Council declined to review this decision, which then became the final decision of the Secretary. The district court affirmed the decision of the Secretary on September 22, 1995. Bell filed a timely notice of appeal.

Bell was born on November 9, 1964 and completed eight or nine years of schooling. She has never held a regular job, but has been addicted to cocaine and alcohol and supports this habit by prostitution. She has been taking illegal drugs since age 14, and the longest period she has ever gone without taking illegal drugs is one year. She uses cocaine every day, if she can, and drinks beer or liquor all day long, averaging thirteen to fourteen 12–ounce cans of beer a day.

The ALJ found that plaintiff was not entitled to SSI under the Act. In reaching this conclusion, the ALJ found that since October 14, 1992, plaintiff has earned between $800 to $1,000 per month working as a prostitute. The ALJ found that this activity, although illegal, involved physical or mental activity for pay or profit and constituted "substantial gainful activity" within the meaning of the regulations, precluding an award of benefits.

## II.

We must decide whether the decision of the ALJ is supported by substantial evidence. "Substantial evidence" is more than a mere scintilla of evidence, but less than a preponderance. *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). It means such relevant evidence as a reasonable man might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Social Security Act provides that an individual who is working and engaged in substantial gainful activity is not entitled to disability benefits. 42 U.S.C. § 423(f). The regulations under the Act establish a series of hurdles that an applicant must surmount before establishing eligibility for benefits. The first step is a determination whether the claimant is engaged in substantial gainful activity ("SGA"). If she is, her claim is rejected without consideration of her medical

** The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

condition. 20 C.F.R. §§ 416.920(a),(b). "Substantial work activity" is defined in the regulations as work that "involves doing significant physical or mental activities" and "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 416.972(a),(b). Earnings in excess of $500 per month (for years after 1989) create a rebuttable presumption of substantial gainful activity. 20 C.F.R. § 416.974(b)(2)(vii); *Dugan v. Sullivan*, 957 F.2d 1384, 1390–91 (7th Cir.1992). Although the term "gainful activity" would imply to a layman lawful work, courts have held that illegal activity comes within the meaning of "substantial gainful activity" in order to carry out the intention of Congress. The reasoning for this determination is described in *Jones v. Shalala*, 21 F.3d 191 (7th Cir.1994) as follows:

> The term "gainful activity" could be thought to imply lawful work, for it would be incongruous to describe even a very prosperous thief as "gainfully employed." But there would be an even greater incongruity in disregarding earnings from criminal activity. For then as between two people earning the same amount of money, one legally and the other illegally, the former would be disentitled to seek social security disability benefits and the latter would be entitled to seek them. The thief would be qualified, the honest man disqualified.

*Id.* at 192. This holding that illegal activity can constitute SGA within the meaning of the regulations is supported by the Ninth Circuit's decision in *Corrao v. Shalala*, 20 F.3d 943, 946–47 (9th Cir.1994), which states that illegal activity can be "gainful" within the meaning of the disability statute and regulations. *See also Dotson v. Shalala*, 1 F.3d 571 (7th Cir.1993); *Speaks v. Sec. of Health & Human Services*, 855 F.Supp. 1108 (C.D.Cal. 1994).

■ In the present case, what is key is the amount of money earned from plaintiff's physical or mental activities. Because she receives over $500 per month in income from physical or mental activity, she is presumed not eligible for disability benefits. 20 C.F.R. § 416.974(b)(2)(vii); *Dinkel v. Sec. of Health and Human Services*, 910 F.2d 315 (6th Cir. 1990). The regulations make no distinction between whether the income is earned from legal or illegal activity.[1]

We, therefore, agree with the Secretary that plaintiff is presumed ineligible for disability benefits because the amount of money she receives from her physical and mental activity exceeds $500 per month as specified in 20 C.F.R. § 416.974(b)(2)(vii). If we were to draw the inference that illegal activity is not properly called "substantial gainful activity" and limit this phrase to lawful employment, we would destroy the purpose of the regulations, which is to restrict eligibility for disability benefits to those who are not working. Although we agree with the court in *Jones* that it is incongruous to maintain that an illegal activity, such as prostitution, is "substantial gainful activity" within the meaning of 20 C.F.R. §§ 416.972(a), (b), in order to carry out congressional intent, we find that plaintiff, who is a prostitute and earns over $500 per month from this activity, is presumed to be "substantially gainfully employed" as defined in the regulations.

As this court stated in *Dinkel*, it is plaintiff's burden at step one to rebut the presumption that she is engaged in substantial gainful activity based on her earnings. 910 F.2d at 319. In the present case, plaintiff, who was represented by an attorney at the hearing before the ALJ, failed to show that the income from her illegal activity was not really worth the amount set forth at § 416.974(b)(2)(vii) because it was derived from charity or by dint of heroic efforts or that she did not receive substantial income as defined at 20 C.F.R. § 416.975(c). *See Dotson*, 1 F.3d at 575.

■ Plaintiff claims that the ALJ had a duty to more fully develop the record, but failed to do so because he did not make findings about whether plaintiff's prostitution

---

1. On August 15, 1994, Congress passed P.L. 103–296, the *Social Security Independence and Program Improvements Act of 1994*, which amended 42 U.S.C. § 423(d)(4), making it explicit that when determining whether an individual is engaged in substantial gainful activity, the Secretary shall consider services performed or earnings derived from such services without regard to the legality of such services. 1994 U.S.C.C.A.N. (108 Stat.) 1464, 1499.

was symptomatic of a serious mental disorder and whether it was driven by her drug addiction. We do not agree that the ALJ had such a duty. The first step in the sequential analysis is a determination of whether the applicant is currently engaged in SGA. If she is, her claim is rejected without consideration of the severity of her mental or physical impairments or how disabling the impairments are. 20 C.F.R. § 416.920(b); *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir.1988). We agree with the court in *Jones v. Shalala* that it is difficult to rebut a presumption of ineligibility when one is a drug addict and alcoholic and supports these addictions through illegal activity. The court stated:

We are hard pressed to understand what kind of evidence might be presented that would rebut the presumption of gainful employment in such a case, and none was—except evidence that Jones is indeed a drug addict and an alcoholic and that it would be difficult for a person so afflicted to hold a steady job. But such an approach, in which disability evidence is used to rebut an inference that the applicant for benefits is gainfully employed, does not take the first hurdle seriously. If you are substantially gainfully employed, that is the end of your claim, even if you have compelling medical evidence that you really are disabled. "[A]n individual who does substantial gainful work despite an impairment or impairments that otherwise might be considered disabling is not disabled for purposes of ... social security benefits based on disability during any period in which such work is performed." S.Rep. No. 744, 90th Cong., 1st Sess. 49 (1967) U.S.Code Cong. & Admin.News 1967, 2834, 2883. We said that if the claimant had a kindly employer or kindly fellow employees, or had reached the bare threshold of $500 a month by odd jobs by dint of exertions that he could not sustain on a full-time basis, these circumstances could rebut the presumption of substantial gainful employment. Otherwise a person whose disabilities had driven him to beg for a living would be disqualified from benefits if he obtained $500 a month from begging. But none of these circumstances is present. And once it is granted that illegal activity can be substantial gainful activity within the meaning of the statute and regulations, it becomes bootless to argue that illegal activity is the only form of substantial gainful activity that the claimant is capable of engaging in.

21 F.3d. at 193.

Similarly, in the present case, none of the circumstances indicating that the presumption of substantial gainful activity was not a valid one were presented by plaintiff. She made no claim that her income came from charity (i.e., from begging), and her income was well above the bare threshold of $500 per month. The ALJ made a specific finding in his opinion that claimant's work activity "constitutes substantial gainful activity within the meaning of the regulations," indicating that plaintiff had failed to rebut the presumption.

We find that there is substantial evidence to support this determination of the ALJ. Plaintiff's own testimony established that her earnings exceeded the earnings guidelines considered indicative of substantial gainful activity for either a self-employed person or an employee. A self-employed person will be considered to have engaged in substantial gainful activity if her work is worth an amount set forth at § 416.974(b)(2) even if the work is not comparable to that of an unimpaired individual. 20 C.F.R. § 416.975(a)(2). Plaintiff testified that she earned up to $60 a night, approximately five nights a week, and this testimony was corroborated by her witness, Mr. Griffith. These earnings amounted to as much as $1,000 per month, which well exceeded the $500 limitation found at 20 C.F.R. § 416.974(b)(2)(vii). Therefore, there is substantial evidence supporting the ALJ's finding that plaintiff was presumed to be engaging in substantial gainful activity as defined in the regulations. *See Dinkel*, 910 F.2d at 319; *Mullis v. Bowen*, 861 F.2d at 993.

Plaintiff was given the opportunity to rebut the presumption of substantial gainful activity based on her earnings before the ALJ, but failed to do so. The testimony of plaintiff and her witness indicated she was able to earn $60 per night five nights a week

from her illegal activity. Although Mr. Griffith indicated he paid plaintiff $30 per week and allowed her to live at his residence in exchange for keeping the house clean and for cooking, this type of "charity" does not concern the amount she made from prostitution income, an amount which alone placed her beyond the eligibility threshold. Plaintiff did not offer any other evidence to rebut the presumption of SGA created by her earnings, and therefore, the ALJ correctly determined that she was ineligible for benefits based on her earnings. The primary problem with plaintiff's argument that her addiction is what motivates her to work and her addiction is a disease is that it confuses two distinct issues: what plaintiff does versus what motivates her. The caselaw is clear that it does not matter what motivates plaintiff to earn income from illegal prostitution. *See Corrao v. Shalala,* 20 F.3d at 947 (the fact that an addict is able to function in society, albeit illegally, indicates that she is not disabled for SSI purposes).

To conclude, there is substantial evidence to support the ALJ's conclusion that plaintiff is not eligible for SSI benefits. The decision of the district court is hereby **AFFIRMED.**