129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stanley CHARLESTON, Plaintiff-Appellant,
v.
John J. CALLAHAN, Commissioner of Social Security, Defendant-Appellee.
 No. 96-4227.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.
Decided Oct. 31, 1997.[1]
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, NO. 95 C 5898; Ronald A. Guzman, Magistrate Judge.
 Before POSNER, Chief Judge, BAUER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 At issue in this case is the applicability of the March 29, 1996 amendment to the Social Security Act eliminating benefits for disability caused by alcohol and drug addiction.
 
 
 2
 On July 13, 1993, Stanley K. Charleston applied for Social Security Income (SSI), alleging disability since June 3, 1988, related to alcoholism, drug addiction, and a gun shot wound to his foot. An ALJ issued a decision on April 19, 1995, denying the application for benefits on the ground that Charleston was engaged in substantial gainful activity ("hustling," stealing, and selling stolen goods) during the relevant period and therefore was not disabled. 20 C.F.R. § 416.920(b). On August 16, 1995, the Appeals Council denied Charleston's request for review. Charleston sought judicial review on October 13, 1995. A magistrate judge affirmed the ALJ's decision on September 13, 1996. Charleston sought review before a district court judge, and on December 20, 1996, the district court transferred the appeal to this court pursuant to 28 U.S.C. § 1631.
 
 
 3
 Section 105 of Public Law 104-121, enacted on March 29, 1996, amended the definition of "disability" in 42 U.S.C. § 423(d)(2)(C) to preclude an award if alcoholism or drug addition would be material to any finding of disability:
 
 
 4
 An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.
 
 
 5
 A recent technical amendment was added to clarify the effective date of this new provision:
 
 
 6
 Sec. 5525. Technical Amendments Relating to Drug Addicts and Alcoholics.
 
 
 7
 (a) Clarification relating to the effective date of the denial of SSI disability benefits to drug addicts and alcoholics.--Section 105(b)(5) of the Contract with America Advancement Act of 1996 (Public Law 104-121; 110 Stat. 853) is amended--
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (2) by redesignating subparagraph (D) as subparagraph (F) and by inserting after subparagraph (C) the following new subparagraphs:
 
 
 11
 "(D) For purposes of this paragraph an individual's claim, with respect to supplemental security income benefits under title XVI of the Social Security Act based on disability, which has been denied in whole before the date of the enactment of this Act, may not be considered to be finally adjudicated before such date if, on or after such date--
 
 
 12
 "(i) there is pending a request for either administrative or judicial review with respect to such claim.... "
 
 
 13
 Pub.L. 105-33, 111 Stat. 251 (HR 2015), August 5, 1997 [found at 1997 HR 2015].
 
 
 14
 There is no question in this case that Charleston's alcoholism and drug addiction are contributing factors material to the alleged disability. The parties debate, however, whether the new provision applies to Charleston's claim We need not resolve that question here, because we find that eligibility was properly denied on the basis that Charleston was not disabled during the relevant time period.
 
 
 15
 Charleston testified that he earned money by stealing, selling stolen goods, and "hustling." A person is riot disabled if he is engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). This determination is made without reference to whether the activity is illegal. 42 U.S.C. § 1382c(a)(3)(D). This court has previously held that illegal activities supporting an addiction to drugs can qualify as substantial gainful activity. Jones v. Shalala, 21 F.3d 191 (7th Cir.1994). Accord Bell v. Comm'r of Social Security, 105 F.3d 244 (6th Cir.1996).
 
 
 16
 In various applications and in his testimony before the ALJ, Charleston reported consuming approximately three pints of liquor, some marijuana, and cocaine (costing from $75 to $200 per day) nearly every day. Charleston reported that he supported his drug and alcohol habits by stealing, selling stolen goods, begging, and "any way I can." He also "hustled" cans, newspapers and other items which he then sold. He testified that he performed these activities approximately five days each week for 8 to 16 hours a day, and as of the time of the hearing he had been doing so for 6 or 7 years.
 
 
 17
 Charleston apparently earned a great deal more than the $500 threshold which triggers a presumption that he is engaged in substantial gainful employment. See 20 C.F.R. § 416.974(b)(2)(vii). Even if his cocaine habit cost only $75 each day (the lowest figure he reported), that would require a net income of well over $2,000 per month just to buy cocaine, disregarding money he spent on alcohol, marijuana, and living expenses such as the $170 monthly rent he paid his grandparents. As the ALJ noted, "[t]he amount of time, and effort, that he expends, and the monies he receives from this, are more than many employees do in regular, lawful jobs."
 
 
 18
 We conclude that the ALJ's finding that Charleston was engaged in substantial gainful activity was supported by substantial evidence. Accordingly, the judgment of the district court affirming the denial of social security disability benefits to Charleston is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a), Cir. R. 34(f)