Michael **BAKER**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant–Appellee.

No. 00–5941.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

314

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

## ORDER

Michael Baker appeals a district court order granting summary judgment for the defendant after the Commissioner of Social Security denied his application for social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Baker filed his application for disability benefits, alleging that he was disabled because he suffered from back problems, headaches, black lung disease, a hearing impairment, and mental impairments. Upon review of Baker's application, the administrative law judge (ALJ) concluded that Baker was not disabled because he was capable of performing work available in the regional and national economy. Following the Appeals Council's decision affirming the ALJ's determination, Baker sought judicial review of the Commissioner's decision. The district court concluded that substantial evidence did not exist to support the ALJ's conclusions regarding Baker's mental condition, and the court remanded the case for further consideration.

Upon remand, the ALJ obtained additional evidence regarding Baker's mental condition, and the ALJ conducted another hearing. The ALJ concluded that Baker suffered from the severe impairments of chronic obstructive pulmonary disease, borderline intellectual functioning, and a dysthymic disorder, but he did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. The ALJ also concluded that Baker retained the ability to perform a limited range of medium work. In light of his residual functional capacity, the ALJ again concluded that, while Baker could not perform his past relevant work, he had the ability to perform other work available in the national and regional economy. Therefore, Baker was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Baker again sought judicial review of the Commissioner's decision. The district court concluded that substantial evidence existed to support the Commissioner's decision, and the court granted summary judgment

for the defendant. In this timely appeal, Baker argues that the ALJ improperly concluded that he did not meet Listing of Impairments 12.05C.

Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995). Substantial evidence is more than a scintilla of evidence but less than a preponderance, *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir.1996), and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir.2001). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994), and even if the claimant's position is also supported by substantial evidence. *Buxton*, 246 F.3d at 772; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993).

Substantial evidence exists to support the ALJ's conclusion that Baker did not meet Listing of Impairments 12.05C. In order to meet this Listing, the claimant must have: 1) a valid verbal, performance, or full scale I.Q. of 60 through 70; and 2) a physical or other mental impairment imposing additional and significant work-related limitation of function. Dr. Fitz's testing revealed that Baker had a verbal I.Q. of 71, a performance I.Q. of 69, and a full scale I.Q. of 67. Although these last two scores met the requirement for the first part of the List-

ing, the ALJ rejected the scores as underestimating Baker's true intellectual abilities. The Commissioner is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record. *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir.1998). Indeed, the ALJ should examine test results of this sort to assure consistency with daily activities and behavior. *Id.* For purposes of this court's review, the question is whether the decision to disregard Baker's scores as unreliable is supported by substantial evidence. *Id.* The record reflects that substantial evidence exists to support the ALJ's decision to reject Baker's I.Q. scores.

Accordingly, this court affirms the district court's judgment.