**Bob A. MARKEE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–2267.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Bob Markee appeals a district court order granting summary judgment for the defendant after the Commissioner of Social Security denied his application for social security disability benefits. Neither counsel has objected to the waiver of oral argument, and this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Markee filed his application for disability benefits, alleging that he suffered from depression. Upon review of Markee's application, the administrative law judge (ALJ) concluded that he suffered from the severe impairments of bilateral carpal tunnel syndrome, diabetes mellitus, angina, and depression, but he did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. The ALJ also concluded that Markee retained the ability to perform a limited range of sedentary work. In light of his residual functional capacity (RFC), the ALJ determined that, while Markee could not perform his past relevant work, he was able to perform other work available in the national and regional economy. Therefore, Markee was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Markee sought judicial review of the Commissioner's decision. Over his objections, the district court adopted the magistrate judge's report and recommendation, concluded that substantial evidence existed to support the Commissioner's decision, and the court granted summary judgment for the defendant. In this timely appeal, Markee argues that: 1) the ALJ failed to consider Social Security Ruling 96–9p; and 2) the ALJ failed to consider the opinions of his treating physician and psychologist.

Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health &*

*Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995). Substantial evidence is more than a scintilla of evidence but less than a preponderance, *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir.1996), and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir.2001). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994), and even if the claimant's position is also supported by substantial evidence. *Buxton*, 246 F.3d at 772; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993).

Substantial evidence supports the ALJ's conclusion regarding Markee's RFC and his determination that Markee was capable of performing other work in the regional and national economy. Specifically, the ALJ properly disregarded the disability conclusion of Markee's treating physician and psychologist. Further, the ALJ complied with the provisions of Social Security Ruling 96–9p in determining that Markee was not disabled.

Accordingly, this court affirms the district court's judgment.