Richard G. PAONE, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 77–3829–MC.

United States District Court, D. Massachusetts.

Jan. 28, 1982.

7. 2. Eleventh. Notwithstanding any other provisions of this chapter, * * * any carrier or carriers as defined in this chapter and a labor organization or labor organizations duly designated and authorized to represent employees in accordance with the requirements of this chapter shall be permitted—

(a) to make agreements, requiring, as a condition of employment, that within sixty days following the beginning of such employment * * * all employees shall become members of the labor organization representing their craft or class: Provided, that no such agreement shall require such condition of employment with respect to employees to whom membership is not available upon the same terms and conditions as are generally applicable to any other member or with respect to employees to whom membership was denied or terminated for any reason other than the failure of the employees to tender periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership.

Steven K. Farnham, Marblehead, Mass., for plaintiff.

Gregory Flynn, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on cross motions for summary judgment pursuant to Rule 56(b), F.R.Civ.P.

Plaintiff, an applicant for disability insurance benefits, seeks review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), of a final decision of the Secretary denying his application. The threshold inquiry for establishing eligibility for disability insurance benefits is whether or not the applicant has accrued the requisite number of quarters to qualify for coverage as set forth in Section 223(a)(1) and (c)(1) of the Social Security Act, as amended, 42 U.S.C. § 423(a)(1) and (c)(1). The plaintiff has the burden of proving that he has sufficient earnings for Social Security credits of not less than twenty quarters of coverage during the forty quarter period which ends with the quarter in which he allegedly became disabled.

On June 4, 1976 the plaintiff filed his application for a period of disability and disability insurance benefits after he al-

legedly became disabled due to a heart condition. His application was denied on August 12, 1976 and, upon reconsideration, on March 21, 1977. After granting the plaintiff's request for a hearing on June 21, 1977, the Administrative Law Judge (ALJ) decided in July that the plaintiff was not entitled to a period of disability. The ALJ's decision was affirmed by the Appeals Council in October of 1977.

The plaintiff was covered under the Social Security system from 1951 through to 1970. From November of 1970 until March 4, 1976 he was employed by the City of Everett as a school custodian. Employees of the City of Everett are not covered under the system. In March of 1976 the plaintiff stopped working due to a heart condition. The issue before the court is whether or not the plaintiff, Richard Paone, was covered under the Social Security system in the summer of 1972.

Mr. Paone alleges that he worked for six days in August of 1972 for the Kalwall Corporation which was replacing windows at the school where the plaintiff was assigned as a custodian. The foreman of the Kalwall Corporation requested the senior school building custodian, a Mr. Arinello, to assign a custodian to work beyond the regular work day so that Kalwall could fulfill its contractual obligations. The purpose of having a custodian on duty was to insure that the building would be left in the condition in which it was found and to insure that the building would be secured properly.

Mr. Arinello complied with the request and assigned the plaintiff to work after hours for Kalwall at Kalwall's expense. Mr. Arinello testified that the terms of the plaintiff's employment with respect to his work schedule and payment were matters which were worked out directly between the plaintiff and the Kalwall Corporation. The plaintiff testified that he received a check for $64.00 from Kalwall, although he realized that it was not as much as he had expected to receive in light of the agreed upon hourly *wage* of $6.80 to $6.90. The Kalwall Corporation stated that the plaintiff did not have any taxes deducted be-

cause he was hired for one day for a fixed amount of money as an "independent service organization". (TOE 420, Statement of Employer, Form SSA–1001).

The plaintiff's earning record, as certified by the Social Security Administration, discloses that his period of covered employment was only through the last quarter of 1970 which caused his insured status to expire on December 31, 1975. His alleged disability did not occur until March of 1976.

The ALJ found that the plaintiff failed to rebut the *presumption* that he was not paid wages after 1970 and that an individual was presumed not to have had earnings in a period where there is the absence of an entry in the earnings record. 42 U.S.C. § 405(c)(1)(A)(3). In addition, the ALJ found that the period for correcting an earnings record had passed for filing self-employment income. The time limitation imposed for filing an earnings record of self-employment is three years, three months, and fifteen days. 20 C.F.R. § 404.-801(c).

Specifically, the decision reads (Transcript, p. 10), "The time limitation for correction of the earnings record for the year 1972, has past (sic) and, *considering the denial by the company* (Emphasis provided) that the claimant was ever on their payroll, there is no basis for revising the earnings record."

▇▇ The time limitation does not apply to revisions of an individual's wage records where an employer has omitted them. The court in *Breeden v. Weinberger*, 493 F.2d 1002 (4th Cir. 1974) held that the intent of Congress was not to penalize employees for actions of their employers which would amount to carelessness or dishonesty. In addition, the court in *Breeden* held that "the claimant need not persuade the administrative law judge by any standard of 'high probability'; she need only persuade him that it is more probable than not that she received the wages she claims." 493 F.2d 1002, 1006. In other words, the presumption (nonemployee) mentioned above doesn't *raise* the standard of proof; it places the burden of going forward with evidence to

rebut the presumption upon him/her against whom it operates. The familiar "preponderance" standard is still applied in testing whether claimant has established the status of wage-earner, as distinguished from self-employed person.

The usual criteria for determining status have not been discussed in the Decision apparently by reason of reliance upon an assertion by Kalwall Corporation which smacks of legal conclusion, rather than evidence of fact: that he offered his services as an "independent service organization".

■ The plaintiff argues that the ALJ failed to make a determination of whether there was an employer-employee relationship between the Kalwall Corporation and the plaintiff. I agree. In the ALJ's evaluation of the evidence he was persuaded by Kalwall's indication that the claimant " 'provided a one-day service for an agreed upon lump sum as an independent service organization; therefore, no taxes were deducted.' This statement does not reveal how many days he worked or how much he earned." It should be noted that no one from the Kalwall Corporation testified and the decision of the ALJ respecting Kalwall's relationship to the plaintiff was made solely on the basis of written documents. The test to be applied in making a determination of the relationship of the plaintiff to Kalwall Corporation should be based, at least in part, on the degree of control exerted over the worker. That test was not considered here. No findings were made. *Richardson v. Califano*, 1A Unemployment Insurance Reporter (CCH) Par. 16, 147 (E.D.Mich.1978). In *Richardson* the court held that the failure of the ALJ to make specific findings with respect to the degree of control could have been probative even though there were no work records available. This court recognizes that the facts presented in *Richardson* are different from those of the case presently before it. In *Richardson* the plaintiff was not represented by counsel and if he had been, his attorney might have procured the appropriate documentation as to the employee's work record. In the instant case the plaintiff

was represented by counsel, but it is unclear why *business* work records of Kalwall were not made part of the record. The fact that the plaintiff, Richard G. Paone, had an attorney should not operate to deny him the right of having the ALJ consider the status issue fully, rather than simply from the standpoint of this particular document, without more.

On the basis of the court's rationale in *Breeden*, the statute of limitations as it relates to correcting an earnings record would not be a bar to the plaintiff's claim if the ALJ were to find that an employer-employee relationship existed. It is the ALJ's function to make determinations after assessing the credibility of the witnesses and the value of all the evidence. It is critical, however, to the proceedings that information which would be probative be considered. Apparently the adverse decision flows from the adoption of one sentence in one form submitted by the claimed employer, in the form of a conclusion of law without concern for factual basis for it.

■ For the aforementioned reasons, this court denies both motions for summary judgment and remands this case to the Secretary in order that the ALJ make additional findings and, if necessary, take additional testimony to determine the employment relationship between the plaintiff and the Kalwall Corporation, utilizing those principles which distinguish self-employment from employee status. Manner of payment, method of payment, determination of hours, actual type or types of duties performed (and at whose behest), and ability to control, are some of the factors which may be of import.

Remanded.