**Sanders M. McCREA, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–C–81–138–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 7, 1984.

George L. Fitzgerald, Charlotte, N.C., for plaintiff.

Richard S. Poe, Charlotte, N.C., for defendant.

## ORDER

POTTER, District Judge.

The Plaintiff, Sanders M. McCrea, applied for disability insurance benefits and supplemental security income benefits on August 13, 1979. The Secretary of Health and Human Services awarded the Plaintiff a period of disability benefits commencing April 2, 1978 and ceasing on September 17, 1979. After a hearing before an Administrative Law Judge and an appeal to the Appeals Council, the Plaintiff brought this action to review the Secretary's decision that he was not disabled after September 17, 1979. 42 U.S.C. § 405(g). This Court remanded the action on March 16, 1982 for consideration of new evidence offered by the Plaintiff. On remand the Administrative Law Judge in a "Recommended Decision" found that the Plaintiff was under a disability beginning on April 2, 1978 which continued to September 17, 1979. The Plaintiff was thereafter not disabled again until August 15, 1980. From August 15, 1980, however, until the date of the decision the Plaintiff was found to be under a disability. The Appeals Council modified the Administrative Law Judge's "Recommended Decision" with respect to the second period of disability. The Appeals Council found that the Plaintiff's disability began on December 31, 1980 instead of August 15, 1980. The Administrative Law Judge's "Recommended Decision" became the final decision of the Secretary when the Appeals Council adopted the decision as modified by the December 31, 1980 date.

The case was heard on January 30, 1984 in Charlotte, North Carolina on the parties' cross motions for summary judgment. The Plaintiff was represented by George L. Fitzgerald and the Defendant was represented by Richard S. Poe. The parties do not contest the Secretary's decision granting disability benefits. Thus, the only matter before the Court is the Secretary's denial of benefits for the period of September 17, 1979 to December 31, 1980.

The Secretary found that during the disputed time period "the evidence *fails to show claimant did not have* the residual functional capacity to do medium work, sections 404.1569 and 416.969 and Rule 203.15 of Table No. 3 of Appendix 2 to Subpart P of the aforementioned Regulations direct a conclusion that claimant be found 'not disabled' from September 17, 1979 to August 15, 1980 inclusive" (emphasis supplied). The Secretary did not find that the evidence *shows* the claimant did

have the residual functional capacity to do medium work. As the Secretary's finding is derived from an incorrect legal standard the Court is of the opinion that the case should be remanded.

■■ The Social Security regulations establish a sequential evaluation process for determining whether an applicant is disabled. The Plaintiff establishes a prima facie case of disability by proving that: (1) he is not currently engaged in substantial gainful activity; and (2) he has a severe impairment; and (3) the impairment meets or equals the medical criteria of Appendix 1; or (4) in the alternative, the impairment prevents him from performing his past relevant work. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir.1981). Once the Plaintiff establishes a prima facie case the burden of going forward shifts to the Secretary. *Id.* "The Secretary then must show two things: (1) that the claimant, considering his age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific type of job exists in the national economy." *Id.* To satisfy this burden the Secretary should find that sufficient evidence exists in the record for a person to rationally conclude that the claimant is capable of performing alternate work. This obligation arises from the necessity of rebutting the Plaintiff's prima facie case of disability. The Plaintiff retains the ultimate burden of persuasion that disability exists and may present evidence to rebut the Administrative Law Judge's findings of fact with respect to residual functional capacity. *Id.* at 265.

The Secretary does not state in her findings whether the Plaintiff presented sufficient evidence to satisfy his prima facie case of disability. The Secretary instead leaps to a determination of whether the Plaintiff had the necessary residual functional capacity. This finding would have been unnecessary if the Plaintiff failed to present sufficient evidence to establish a prima facie claim of disability. Thus, the Court must assume that the Secretary did find that the Plaintiff established his prima facie case of disability.

■ Having established a prima facie claim of disability the burden of going forward shifted to the Secretary to show the claimant has the requisite functional capacity to engage in alternate employment. The Secretary attempts to alter her burden by finding against the claimant unless he presents evidence that he does not possess the contested functional capacity. This alteration, in effect, extends the requirements of establishing a prima facie case of disability and negates the Secretary's burden of going forward with evidence to rebut the Plaintiff's showing. If a party has a burden of going forward on an issue and there is insufficient evidence on that issue then a finding on that issue should be directed against the party with the burden of going forward. *See, McCormick on Evidence* § 336 (2d Ed.1972). Thus, if the Secretary is correct in finding that the evidence is insufficient to show the claimant's residual functional capacity, then the Secretary should have found for the Plaintiff on that issue.

■ In light of the Secretary's utilization of the improper legal standard in determining whether the claimant has the functional capacity to engage in medium work, this case should be remanded for reconsideration under the appropriate standards set forth in the Social Security regulations and as more fully interpreted in *Hall v. Harris*, 658 F.2d 260 (4th Cir.1981).

Having decided that reconsideration is necessary the Court need not rule on the other problems presented in this appeal. As some of these problems, however, are likely to arise at the hearing the Court will provide some guidelines in order to possibly prevent further remand of this claim.

During the initial hearing the Administrative Law Judge refused to allow the Plaintiff to present testimony of two of his neighbors. This testimony was apparently proffered to corroborate the claimant's testimony. Furthermore, on the initial re-

mand no testimony was allowed with respect to the new medical evidence.

 The Social Security regulations provide that the "Administrative Law Judge shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters" 20 C.F.R. § 410.640. The Court recognizes that although evidence is relevant it may be excluded for considerations of undue delay, waste of time or needless presentation of cumulative evidence. *See* Fed.R.Evid. 403. Evidence, however, should not be excluded simply because of the hearing demands on the Secretary. Furthermore, on reconsideration the Secretary should remember that proof of this disability is often times only available from lay witnesses present during the alcoholic bouts because an inherent aspect of the illness is the alcoholic's refusal to seek medical assistance. In addition, if the Administrative Law Judge is inclined to disbelieve the testimony of the claimant or his relatives as self-serving, perhaps corroborating testimony from neighbors who have nothing to gain from the determination will be more illuminating.

 For further guidance, the Court notes that in the "Recommended Decision" the Administrative Law Judge found that the claimant had a non-exertional impairment due to alcohol. This finding appears inconsistent with his finding that Rule 203.-15 of Table No. 3 in Appendix 2 ("the grids") "directs a conclusion that claimant be found 'not disabled'". The rules are conclusive only if all the factors coincide with the criteria in a particular rule. If nonexertional limitations are present the factors *cannot* coincide precisely with a rule. If the factors do not coincide the rule serves only as a guideline. *Id.* at 265. Therefore, if, on remand, a nonexertional impairment is found the Secretary should utilize the grids only for guidance. Furthermore, if a nonexertional limitation is present, the Secretary *must* provide expert vocational testimony that despite the limitation, specific jobs exist in the national econ-

omy which the Plaintiff can perform. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir.1982).

 In addition, the claimant's work skills were categorized as semi-skilled. Although the Court expresses no opinion as to whether this finding is supported by substantial evidence the Court does note that the finding is contrary to the testimony offered by the vocational expert (Tr. 120). Also there were not any explicit findings made with respect to the skills acquired by the Plaintiff in his prior jobs. This finding "is crucial in determining whether suitable alternate work exists in the national economy." 658 F.2d at 266. Thus, if this determination proves necessary on remand the Administrative Law Judge should specify any findings with respect to the skills required in the Plaintiff's past employment.

 It is further noted that the Secretary's determination is related almost exclusively to a discussion of the Plaintiff's alcoholism. The record, however, reveals that the Plaintiff suffers from other illnesses, including diabetes mellitus and hypertension. These impairments should not be overlooked and the Administrative Law Judge should make its determination in light of the standards set forth in the regulations and *Martin v. Secretary of Dept. of Health, Education and Welfare*, 492 F.2d 905, 909–10 (4th Cir.1974).

 Finally, there is a strong undercurrent in the Secretary's decision that benefits can be denied if an alcoholic refuses to seek medical treatment for his alcoholism. The Court informs the Secretary that claimant's refusal to seek medical help for alcoholism is not justifiable grounds for refusing benefits. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir.1984). Benefits may be denied for alcohol abuse only if the Secretary "finds that a physician has prescribed that the claimant stop ... drinking *and the claimant is able voluntarily to stop.*" (emphasis supplied.) *Id.* On remand the Secretary, therefore, should con-

sider the Plaintiff's alcoholism in light of criteria set forth in *Gordon.*

IT IS, THEREFORE, ORDERED that this case be, and it is hereby, REMANDED to the Secretary of Health and Human Services for further proceedings in accordance with this Opinion.

IT IS FURTHER ORDERED that the parties' motions for summary judgment are DENIED.