Robert **MOONEY**

v.

Donna **SHALALA,** Secretary Health and Human Services.

No. CV–94–195–L.

United States District Court, D. New Hampshire.

Dec. 7, 1994.

David L. Broderick, U.S. Atty's Office, Concord, NH, for defendant.

Raymond J. Kelly, Manchester, NH, for plaintiff.

## ORDER

LOUGHLIN, Senior District Judge.

Plaintiff Robert Mooney seeks review, pursuant to 42 U.S.C. § 405(g), of a final determination of the Secretary of Health and Human Services (HHS) denying his application for Social Security benefits. Currently before the court are Plaintiff's Motion to Reverse the Secretary's Denial of Benefits and the Motion for Order Affirming the Decision of the Secretary. For the reasons set forth below, the plaintiff's motion is denied and the Secretary's decision is affirmed.

## BACKGROUND

Plaintiff Robert Mooney, a 43 year old man, presently resides in Allenstown, NH. Mr. Mooney alleges an inability to work since March 1, 1987 due to a combination of physical and psychological impairments which include asthma, alcohol and drug abuse and panic attacks. Tr. 110. Mr. Mooney has an eighth grade education and can read fairly well, but has difficulty writing. Tr. 44. His past relevant work experiences include jobs as a glazer, a shoe shop worker, a painter and a card tender. Tr. 45, 226.

Plaintiff filed his current application for disability insurance benefits on October 25, 1991. Tr. 104–107. His application was denied initially and again upon reconsideration by the Social Security Administration. Tr. 132–134, 138–140. On October 12, 1993, following a hearing and *de novo* consideration, the Administrative Law Judge (ALJ) determined that plaintiff was engaged in substantial gainful activity through September 1, 1991 and that he was not under a disability, as defined by the Social Security Act (the Act), at any time through December 31, 1992, when his insurance coverage expired. Tr. 11–25. On or about February 16, 1994, the Appeals Council admitted to plaintiff's record additional evidence submitted, but denied a request for review of the ALJ's final determination, thereby rendering final the Secretary's decision. Tr. 4–5, 259–263.

In the instant appeal, plaintiff maintains that the Secretary's decision, through the ALJ, should be reversed and remanded on two grounds. First, plaintiff alleges the decision of the Secretary is not supported by substantial evidence since (i) the ALJ, when posing hypotheticals to the Vocational Expert (VE), did not properly credit plaintiff's psychological impairments and their effect on his ability to function in a work setting; (ii) plaintiff testified without contradiction that his asthma worsens when he goes outside in

cold weather and sickens him to the point of vomiting when he wakes up, yet this testimony was not found credible by the ALJ and was ignored in the hypotheticals posed to the VE; and (iii) the ALJ overemphasized plaintiff's daily activities in caring for himself and his teenage son and did not properly consider other exertional and non-exertional impairments caused by plaintiff's asthma and medication. Second, the plaintiff alleges that the ALJ did not conduct a proper inquiry into the work activity performed by the plaintiff in selling drugs and, therefore, the ALJ's finding that plaintiff was engaged in substantial gainful activity, as a drug dealer prior to September, 1991, is not supported by substantial evidence.

## DISCUSSION

"This court does not conduct a *de novo* determination as to whether [a] plaintiff suffers from a disability as defined in the Social Security Act. Instead, this court has the limited function of determining whether there is substantial evidence to support the Secretary's decision." *Smith v. Schweiker,* 520 F.Supp. 27, 34 (D.N.H.1981); *see Teresa M. Kaufmann v. Louis B. Sullivan, MD., Secretary of Health and Human Services,* Civil No. 91–241–SD (D.N.H. Feb. 3, 1992). Substantial evidence is:

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, [59 S.Ct. 206, 217, 83 L.Ed. 126] (1938). "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 [59 S.Ct. 501, 505, 83 L.Ed. 660] (1939). This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Consolo v. Federal Maritime Com.,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966) (citations omitted).

■ Although it is for the Secretary to weigh and resolve conflicts in the evidence, *Burgos Lopez v. Secretary of Health & Human Services,* 747 F.2d 37, 40 (1st Cir.1984) (citing *Sitar v. Schweiker,* 671 F.2d 19, 22 (1st Cir.1982)), the court is empowered to scrutinize the record as a whole and determine the reasonableness of the decision. *Viehman v. Schweiker,* 679 F.2d 223, 227 (11th Cir.1982); *Smith v. Califano,* 637 F.2d 968, 970 (3rd Cir.1981).

■ The scheme of the Act places a very heavy initial burden on the claimant to establish the existence of a disabling impairment. *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982). To meet this burden, the claimant must prove that his impairments prevent him from performing his former type of work. *Gray v. Heckler,* 760 F.2d 369, 371 (1st Cir.1985) (citing *Goodermote v. Secretary,* 690 F.2d 5, 7 (1st Cir.1982)); *Pelletier v. Secretary,* 525 F.2d 158, 160 (1st Cir.1975); *Smith,* 520 F.Supp. at 34. The claimant is not required to establish a doubt-free claim; the initial burden is satisfied by the usual civil standard, a "preponderance of the evidence." *See Paone v. Schweiker,* 530 F.Supp. 808, 810–11 (D.Mass.1982); *see also* 1 Unemployment Insurance Reporter (CCH) 12, 679 (April 15, 1985). Further, the claimant must show a "medically determinable" impairment, and only in a rare case can this be shown without medical evidence. *Thompson v. Califano,* 556 F.2d 616, 618 (1st Cir. 1977) (citing 42 U.S.C. § 423(d)(1)(A)); *Ramirez v. Secretary,* 528 F.2d 902, 903 (1st Cir.1976).

■ Once a plaintiff has shown an inability to perform his or her previous work, the burden shifts to the Secretary to show that there are other jobs in the national economy which the claimant can perform. *Vazquez v. Secretary of Health & Human Services,* 683 F.2d 1 (1st Cir.1982). The Secretary must consider the claimant's age, education, work experience and impairment when determining whether there are jobs in the national economy which the claimant can perform. *See e.g., Goodermote,* 690 F.2d at 6. If the Secretary shows there are such jobs, then the overall burden of proof remains with the claimant. *Hernandez v.*

*Weinberger,* 493 F.2d 1120, 1123 (1st Cir. 1974); *Benko v. Schweiker,* 551 F.Supp. 698, 701 (D.N.H.1982).

### I. Insubstantial evidence to support the ALJ's conclusion of not disabled.

The crux of plaintiff's first contention is that there is insubstantial evidence to support the Secretary's finding of not disabled under the Act because the ALJ failed to properly consider the combination of exertional and non-exertional impairments. The court does not agree with plaintiff's contention.

In arriving at his decision, the ALJ spent considerable effort analyzing plaintiff's mental and physical impairments. The ALJ concluded that the "medical evidence shows severe impairments of bronchial asthma, polysubstance dependence in remission, dysthymia, a personality disorder, diabetes, a neck strain and a back strain." Tr. 15. The ALJ was empathetic that the above listed impairments, taken together, did limit plaintiff's walking and other basic work activities. Tr. 15. However, based on reports compiled by the treating physician, as well as evidence proffered at the hearing and by other physicians, the ALJ properly concluded that plaintiff's impairments were not severe enough to warrant a finding of disabled under the Listing of Impairments, specifically Sections 3.03, 9.08, 1.05C, 12.09, 12.08 or 12.04. 20 C.F.R., Chapter III, Part 404, Subpart P, Appendix 1.

In continuing with the requirements of the regulations, the ALJ next considered plaintiff's medical records and testimony to ascertain an appropriate Residual Functional Capacity (RFC) for Mr. Mooney. (An ALJ has an initial duty to make a proper RFC finding before deciding the ultimate issue of disability. *Prince v. Sullivan,* 933 F.2d 598, 602 (7th Cir.1991)). Specifically, the ALJ gave notable consideration to the Residual Functional Capacity Assessment and the Mental Residual Functional Capacity Assessment in determining a reflective RFC for Mr. Mooney. Tr. 16, 108–131. The ALJ also gave substantial deference to records and evaluations conducted by plaintiff's treating physician, Dr. Gerard Hevern, as well as records

and evaluations performed by other physicians. Tr. 16, 173–216, 222–234, 257–263. *See McCrea v. Heckler,* 580 F.Supp. 1106 (W.D.N.C.1984). In formulating an RFC for the plaintiff, the ALJ noted that "[i]t can be seen that Dr. Hevern's assessment of the claimant's ability to do basic work activities despite limitations from his impairments is the result of thoughtful analysis." Tr. 16. Dr. Hevern indicated, in his reports, that although Mr. Mooney "remains totally disabled from his job as a painter and a construction worker" (Tr. 202), plaintiff reasonably indicates a desire and willingness to return to some form of sedentary work. Tr. 202. Dr. Hevern makes no mention of concern that claimant is unable to return to light or sedentary work. In fact, a report conducted by Dr. Michael Evans states that "[i]n response to accomplishing basic work related activities, [Mr. Mooney] has no difficulty understanding, remembering or carrying out instructions. I believe he could respond appropriately to supervision, co-workers and the pressures likely to be encountered in a normal work environment. He is capable of managing his own payments." Tr. 215. Therefore, the evidence before the court indicates that claimant's limitations do not prevent him from engaging in forms of light or sedentary work.

Mr. Mooney alleges that if the ALJ, in formulating an appropriate RFC, properly regarded the effects of his asthma and medication, he would have concluded an inability to participate in daily activities. Fundamentally, the court recognizes that plaintiff's contention is not only unsupported by the medical evidence but, also, is partially contradicted by his own testimony. At one point during his testimony, plaintiff explained that he is adversely affected by weather conditions such as heat and humidity, and thus seeks to avoid these conditions whenever he can so as not to aggravate his asthmatic condition. Tr. 59. Yet in further testimony, plaintiff indicated that he spends substantial time outside in the sun with no effect on his asthma. Tr. 63. Further, there were indications that Mr. Mooney's asthma is adversely effected by contact with dust and fumes. Here again, the claimant provided testimony that he is

able to do some daily chores like vacuuming. Tr. 58–59. Mr. Mooney also testified that he smokes up to a pack of cigarettes a day. Tr. 74–75. The court is suspect as to why the claimant continues his smoking habit if the smoke and fumes associated with the practice exacerbate his asthma condition. This type of relevant contradiction in plaintiff's testimony, as to what he can and cannot do, provided ample evidence for the ALJ to determine that plaintiff's subjective complaints, including pain, were not entirely credible. Tr. 19. The court also notes that claimant possesses the characteristics of a responsible parent in performing the activities associated with caring for his son.

The activities, in which the claimant engages, entail certain degrees of sitting, standing, walking, pushing, pulling and other physical functions. Therefore, in determining an appropriate RFC, these physical functions were appropriately considered and were not an overemphasis on daily activities. 20 C.F.R., Chapter III, § 404.1562.

Following the claimant's RFC determination, the ALJ then concluded that Mr. Mooney is capable of performing work in the light range, "except for lifting and/or carrying more than ten pounds; walking for prolonged periods of time; crawling; crouching; performing extensive climbing, stooping, kneeling, pushing, pulling and speaking for prolonged periods of time and being exposed to extremes of temperature, dust, fumes, chemicals and humidity (20 CFR 404.1545)." Tr. 19.

The ALJ used the RFC determination, and restrictions associated with the determination, in posing hypothetical questions to the VE concerning potential work in the state and national economy capable of performance by Mr. Mooney. Based on factors substantially similar to Mr. Mooney's limitations and abilities, like level of education, inability to lift more than 10 pounds, inability to do certain types of repetitive motions, ability to sit and stand without difficulty, inability to work in certain environmental conditions, and an inability to do a great deal of physical postural activities, the VE testified as to the existence of jobs within the state and national economies capable of performance by Mr.

Mooney. Specifically, the VE determined that an individual, with limitations hypothetically similar to Mr. Mooney's, is capable of performing jobs as a cashier, ticket taker, taper of printed circuit boards and a film touch up inspector. Tr 42.

Plaintiff maintains that the hypotheticals posed to the VE did not properly credit plaintiff's psychological impairments and their effect on his ability to function. Plaintiff points out that the hypotheticals presented to the VE by his attorney indicate there are no jobs capable of performance within the economy. Succinctly, the hypothetical limitations proffered to the VE by claimant's attorney are not reflective of Mr. Mooney's limitations and impairments. As the ALJ correctly pointed out during the hearing, many of the limitations posed by claimant's attorney, in the hypotheticals, were not documented in the medical records or supported by testimony. Tr. 93–94. Thus, the ALJ had no obligation to consider evidence that was not supported by the medical evidence or was not advanced by credible testimony.

■ To recapitulate, this court will not merely review a claimant's mental or physical impairment to determine a disability. Mere evidence of a physical impairment is not, alone, sufficient to warrant an award of disability benefits; a plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1120 (1st Cir.1986); *Thomas v. Secretary of Health and Human Services*, 659 F.2d 8, 9 (1st Cir.1981); *Pelletier v. Secretary of Health, Education and Welfare*, 525 F.2d 158, 160 n. 1 (1st Cir.1975); *Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969). In the instant case, the ALJ considered substantial evidence to insure his RFC determination was accurate and representative. The ALJ then reasonably used the RFC classification to evaluate Mr. Mooney's disability and determine the existence of jobs in the economy capable of performance. Based on these considerations, the ALJ properly determined that substantial evidence exists to support the conclusion that Mr. Mooney's exertional and non-exertional impairments do not con-

stitute a disability under the guidelines of the Social Security Act. *Geoffroy v. Secretary of Health and Human Services,* 663 F.2d 315, 319 (1st Cir.1981)

II. Plaintiff contends the ALJ improperly classified the selling of drugs as past substantial gainful activity.

■ The plaintiff maintains the ALJ's finding that the selling of drugs constitutes substantial gainful activity is not supported by substantial evidence.

The plaintiff admits he had a severe drug problem prior to September, 1991, but contends his selling of drugs to support his own habit should not be classified as a substantial gainful activity under the Act. Correspondingly, the plaintiff also maintains that the very brief and limited inquiry by the ALJ into the alleged work activity of selling drugs does not support the conclusion of substantial gainful activity. In support of these contentions, the plaintiff directs the court's attention to *Corrao v. Shalala,* 20 F.3d 943 (9th Cir.1994).

■ In *Corrao,* the court addressed the issue of whether illegal activity may be classified as substantial gainful activity. In moving on the issue and concluding that Mr. Corrao was not involved in substantial gainful activity, the court ascertained that "[s]ubstantial gainful activity is work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is realized.'" *Corrao,* 20 F.3d at 947. 20 C.F.R. §§ 416.972(a) & (b) (1993). The court in *Corrao* judged that "[t]he regulations establish a presumption of [substantial gainful activity] if the claimant earned more than $300 month in 1989 or $500 a month" after 1989 calendar years. *Id.* at 948. *See* C.F.R. §§ 416.974(b)(2) & 416.975(a)(2), (c) (1993); *Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir.1990). "If one has a sole proprietorship, all services rendered are significant to the business." *See* 20 C.F.R. § 416.975(b)(1). Additionally, when "'income' establishes a presumption that [one] is engaged in [substantial gainful activity], ... [the presumption does] 'not relieve an ALJ of the duty to

develop the record fully and fairly.'" *Corrao,* 20 F.3d at 948; *Dotson v. Shalala,* 1 F.3d 571, 576 (7th Cir.1993). In developing a fair and full record, a claimant is entitled to offer evidence to rebut this presumption. *Id.* "In considering whether the presumption is rebutted, the factors to be considered include the responsibilities and skills required to perform the work, the amount of time the individual spends working, the quality of the individuals' work, special working conditions, and for individuals who are self employed, the value of their work to the business." *Corrao,* 20 F.3d at 948; *See* 20 C.F.R. §§ 416.973–416.976; *see, e.g., Katz v. Secretary of HHS,* 972 F.2d 290, 293 (9th Cir. 1992); *Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir.1990). Further, if an individual's threshold amount of earnings is less than the presumption amount, the degrees of "mental or physical exertion" will also bear on the issue of substantial gainful activity. *Jones v. Shalala,* 21 F.3d 191 (7th Cir.1994).

Plaintiff avers that the circumstances surrounding his drug sales are very similar to the facts contained in *Corrao,* and therefore this court should give great deference to the *Corrao* court's decision. However, after reviewing Mr. Corrao's circumstances, the case currently before this court is easily distinguishable. First, unlike in *Corrao* where the evidence established that only "limited and periodic efforts" were made by Mr. Corrao to obtain heroin and thus the activity was insufficient to constitute a sole-proprietorship, Mr. Mooney, according to his own testimony, was involved in selling and buying drugs, every day for the better part of four years. Tr. 72–73. Further, Mr. Mooney offered no indications to rebut the presumption of earnings, like evidence that he is unable to work without special assistance, only works for very brief periods of time, or acknowledging that the money he received was akin to a gift or gratuity. *Jones v. Shalala,* 21 F.3d 191, 193 (7th Cir.1994); *Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir.1990). Second, the court in *Corrao* determined that Mr. Corrao did not invest any of his own capital or the capital of others in a potentially profit-making venture. Again distinguishable from *Corrao,* in the case at hand, Mr. Mooney

testified that he dealt drugs to accumulate enough income to support his own drug habit. Tr. 72–73. Thus, Mr. Mooney recognized profit, profit that was in turn put back into the "drug business" in order to feed his drug habit. A third and final distinguishing aspect from *Corrao*, Mr. Mooney's activities required significant mental and physical exertion, organization, initiative and responsibility in order to complete the transactions. *Corrao*, 20 F.3d at 949. This conclusion is a derivation of Mr. Mooney's testimony submitting that his dealing took place approximately 30 days a month and it was his responsibility to put together a sale every day. Tr. 72–73.

In the case at hand, the ALJ did not err in concluding that Mr. Mooney was involved in substantial gainful activity as a result of his drug dealing activities. Fundamentally, plaintiff's own testimony reveals that (1) he was dealing in excess of $600.00 per day ($15,000—$20,000 per month) to support his drug habit, (2) the drug deals, for a period of time, were taking place every day, (3) the duration of the drug dealing elapsed over a three to four year period (until 1990), and (4) plaintiff was personally involved in the putting together and carrying through with the drug deals. Tr. 72–73.

Based on the foregoing discussion, this court opines there is substantial evidence to support the ALJ's determination that Mr. Mooney was engaged in substantial gainful activity, as a drug dealer, prior to September, 1991.

## CONCLUSION

The court has empathy for plaintiff, for he has no doubt suffered with physical and mental impairments for some time. Additionally, Mr. Mooney is commended for the efforts he has made to put his life in order. However, this court is mindful of the fact that evidence essential to declare Mr. Mooney disabled under the Act is insubstantial. First, the ALJ evaluated plaintiff under the parameters of the Act, and there is substantial evidence to support the ALJ's conclusion that Mr. Mooney is not disabled. Second, the ALJ reasonably concluded that plaintiff had been involved in substantial gainful activity during his time of disability. This finding alone would have been sufficient for the ALJ to determine that Mr. Mooney is not disabled. "[A]n individual who does substantial gainful work despite an impairment or impairments that otherwise might be considered disabling is not disabled for purposes of ... social security benefits based on disability during any period in which such work is performed." S.Rep. No. 744, 90th Cong., 1st Sess. 49 (1967) U.S.Code Cong. & Admin.News 1967, 2834, 2883. However, the ALJ nonetheless proceeded to evaluate Mr. Mooney's condition under the sweep of the Act.

In light of the foregoing discussion concerning the ALJ's careful review of Mr. Mooney's claim and prudent application of the regulations to the claim, plaintiff's Motion to Reverse the Secretary's Denial of Benefits is denied, and defendant's Motion for Order Affirming the Decision of the Secretary is granted.