Machos v. SSA                          CV-99-129-M    06/15/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Carol Machos,
      Claimant

      v.                                    Civil No. 99-129-M
                                            Opinion No. 2000 DNH 139
Kenneth S. Apfel, Commissioner,
Social Security Administration,
      Defendant


**O R D E R**


     Pursuant to 42 U.S.C. § 405(g), claimant, Carol Machos

(formerly, Carol Montminy), moves to reverse the Commissioner's

decision denying her application for Social Security Disability

Insurance Benefits under Title II of the Social Security Act, 42

U.S.C. § 423 (the "Act").  She says the Administrative Law Judge

improperly discounted her subjective complaints of pain,

disregarded her treating physician's residual functional capacity

assessment and, instead, erroneously relied upon the opinion of

non-examining physicians in reaching the conclusion that she was

not disabled.  Defendant objects and moves for an order affirming

the decision of the Commissioner.

**Factual Background**

I.   Procedural History.

On June 10, 1997, claimant filed an application for disability insurance benefits under Title II of the Act, alleging that she had been unable to work since June 6, 1995, due to carpal tunnel syndrome in both hands.  Her application was denied initially and on reconsideration.

On February 11, 1998, claimant, her attorney, and a vocational expert appeared before an Administrative Law Judge, who considered her application de novo.  On May 22, 1998, the ALJ issued his order, concluding that "[a]lthough claimant is unable to perform the full range of light work, she is capable of making an adjustment to work which exists in significant numbers in the national economy."  Transcript at 26.  Accordingly, the ALJ concluded that claimant was not disabled, as that term is defined in the Act, at any time through the date of his decision.  Id., at 27.

2

Claimant then sought review of the ALJ's decision by the Appeals Council. On March 3, 1999, however, the Appeals Council denied her request, thereby rendering the ALJ's decision a final decision of the Commissioner, subject to judicial review. Subsequently, claimant filed an action in this court, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that she is disabled within the meaning of the Act. Claimant then filed a "Motion to Reverse and Remand Commissioner's Denial of Benefits" (document no. 8). The Commissioner objected and countered with his own "Motion for Order Affirming the Decision of the Commissioner" (document no. 11). Those motions are pending.

II. Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 10), need not be recounted here.

**Standard of Review**

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary [now, the "Commissioner"], with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).[1]

Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

claimant's position.  See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (The court "must consider both evidence that supports and evidence that detracts from the [Commissioner's] decision, but [the court] may not reverse merely because substantial evidence exists for the opposite decision.").  See also Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (The court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."); Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.

5

Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts." Irlanda Ortiz, 955 F.2d at 769. Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II. The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A). See also 42 U.S.C. § 1382c(a)(3). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482

U.S. 137, 146-47 (1987); Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health and Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. Provided the claimant has shown an

7

inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform. See Vazquez v. Secretary of Health and Human Services, 683 F.2d 1, 2 (1st Cir. 1982). If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

When determining whether a claimant is disabled, the ALJ is required to make the following five inquiries:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals a listed impairment;

(4)   whether the impairment prevents the claimant from performing past relevant work; and

(5)   whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520.  See also 20 C.F.R. § 416.902.  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

**Discussion**

I.  Background - The ALJ's Findings.

In concluding that Ms. Machos was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since June 6, 1995.  Transcript at 25.  Next, he concluded that claimant has bilateral carpal tunnel syndrome and status post bilateral carpal

9

tunnel release.  <u>Id.</u>, at 26.  Although he acknowledged that those impairments are severe, the ALJ concluded that they do not meet or equal the criteria of any impairments listed in Appendix 1, Subpart P of the Regulations.  <u>Id.</u>

The ALJ next concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of light work.[2]  He noted, however, that claimant's RFC was limited by her inability to perform repetitive activities involving her fingers and hands and her lack of fine finger dexterity.  In light of those restrictions, the ALJ determined that claimant was

---

2    "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, <u>Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims</u>, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

10

not capable of returning to her prior job as a solderer in electronics. Transcript at 26.

Next, the ALJ considered whether there were any jobs in the national economy that claimant might perform. Relying upon the testimony of a vocational expert as well as his own review of the medical record, the ALJ concluded that, notwithstanding claimant's exertional and non-exertional limitations, which prevented her from performing the full range of light work, she "is capable of making an adjustment to work which exists in significant numbers in the national economy." Id. Among other things, the ALJ concluded that claimant could act as a security or surveillance guard and information clerk or receptionist. Consequently, the ALJ determined that claimant was not disabled, as that term is defined in the Act, as of May 22, 1998.

In challenging the ALJ's decision, claimant raises three issues: (1) that the ALJ failed to properly evaluate her subjective complaints of pain and improperly discounted her

11

treating physician's opinion that she was totally disabled; (2) that the ALJ erred by relying upon the vocational expert's response to an inadequate hypothetical question; and (3) that the ALJ erred at step three of the sequential analysis by failing to conclude that claimant's condition met a listed disability.

Because the court concludes that the ALJ's determination that claimant is capable of performing a limited range of light work is not supported by substantial evidence, it will focus on claimant's arguments on that issue.[3]

---

[3] Parenthetically, the court notes that, notwithstanding claimant's assertion to the contrary, it appears that her condition fails to meet the requirements of the listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.13. First, she did not undergo a series of "staged surgical procedures." Instead, she had two distinct operations, first on her right wrist, and later on her left wrist. Second, listing 1.13 is directed at situations "where restoration of function will require repeated staged surgical procedures over a lengthy period, thus making an individual who would otherwise be capable of substantial gainful employment unavailable for work because of these repeated surgical procedures." Waite v. Bowen, 819 F.2d 1356, 1359 (7th Cir. 1987) (emphasis supplied). See also Knepp v. Apfel, 204 F.3d 78, 86 (3rd Cir. 2000); Lapinsky v. Secretary of Health & Human Services, 857 F.2d 1071, 1073 (6th Cir. 1988). Here, claimant was not rendered unavailable for employment due to any "staged surgical procedures." Instead, she claims that she

II.  Claimant's Subjective Complaints of Pain.

The ALJ is required to consider subjective complaints of pain or other symptoms by a claimant who presents a "clinically determinable medical impairment that can reasonably be expected to produce the pain alleged."  42 U.S.C. § 423(d)(5)(A); Avery v. Secretary of Health and Human Services, 797 F.2d 19, 21 (1st Cir. 1986); 20 C.F.R. § 404.1529.  "[C]omplaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings."  Dupuis v. Secretary of Health and Human Services, 869 F.2d 622, 623 (1st Cir. 1989); see Bianchi v. Secretary of Health and Human Services, 764 F.2d 44, 45 (1st Cir. 1985) ("The [Commissioner] is not required to take the plaintiff's assertions of pain at face value.") (quoting Burgos Lopez v. Secretary of Health and Human Services, 747 F.2d 37, 40 (1st Cir. 1984)).  Once a medically determinable impairment is documented, the effects of pain must be considered

---

is precluded from working because of constant, debilitating pain. Consequently, it would appear that the ALJ correctly concluded that Listing 1.13 is simply inapplicable.

at each step of the sequential evaluation process. See 20 C.F.R. § 404.1529(d).

A claimant's medical history and the objective medical evidence are considered reliable indicators from which the ALJ may draw reasonable conclusions regarding the intensity and persistence of the claimant's pain. See Avery, 797 F.2d at 23; 20 C.F.R. § 404.1529(c)(3). However, situations exist in which the reported symptoms of pain suggest greater functional restrictions than can be demonstrated by the medical evidence alone. Id. When, as here, a claimant complains that pain or other subjective symptoms are a significant factor limiting her ability to work, and those complaints are not fully supported by medical evidence contained in the record, the ALJ must consider additional evidence, such as the claimant's prior work record; daily activities; location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, past or present; treatment,

14

other than medication, received for relief of pain or other symptoms, past or present; any measures used, past or present, to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain. See 20 C.F.R. § 404.1529(c)(3); Avery, 797 F.2d at 23. If the complaints of pain are found to be credible under the criteria, the pain will be determined to diminish the claimant's capacity to work. See 42 U.S.C. § 423(d); 20 C.F.R. § 404.1529(c)(4).

Here, the ALJ concluded that "[t]he claimant's statement concerning her impairments and their impact on her ability to work are not entirely credible." Transcript at 22. In support of that conclusion, the ALJ observed:

> When she was still working she stated she tolerated
> light duty well, but did not expect the light duty to
> last. The claimant had reported that she had a 75%
> decrease in her pain since her treatments began and she
> was doing a lot of work in her garden. She was doing
> well and had met the goals of therapy. The claimant is
> still able to buy groceries, go shopping for clothes,
> do her banking and go to the post office. She is able
> to drive and take public transportation. She continues
> to cook, visit friends, watch television and listen to
> the radio.

15

Transcript at 22 (citations omitted).  Ultimately, the ALJ concluded that "[although the claimant has some limitations she would not be precluded from all work activities as supported by her wide range of activities of daily living." Id.

While the ALJ's credibility determination is entitled to deference, it must be supported by specific factual findings which are, in turn, supported by the record.  Here, however, the ALJ's credibility determination is not adequately grounded in the record insofar as it appears that the ALJ failed to give sufficient consideration to the factors outlined in 20 C.F.R. § 404.1529(c)(3) and Avery (e.g., effectiveness, side effects, and dosage of pain medications; any measures used to relieve pain; duration, frequency, and intensity of pain; precipitating and aggravating factors, etc.).

The parties agree that claimant's medical condition is one that can, and in fact does, cause her pain.  They disagree with regard to the extent of that pain and whether it is disabling.

16

Plainly, the ALJ concluded that claimant's complaints of pain were exaggerated and did not preclude her from performing a limited range of light work. However, for this court to sustain that conclusion, the ALJ must identify those factors in the record upon which he relied in reaching that conclusion. See, e.g., Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.") (citations and internal quotation marks omitted). See also Social Security Ruling 96-7p (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific

17

reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

After carefully reviewing the record and, in particular, the ALJ's stated bases for his resolution of this matter, the court necessarily concludes that his findings are not supported by substantial evidence. First, although the ALJ noted that "claimant is still able to buy groceries, go shopping for clothes, do her banking and go to the post office" and "continues to cook, visit friends, watch television and listen to the radio," (transcript at 22), he neglected to address any of claimant's complaints that suggested her pain was, in fact, disabling or her assertion that her condition had worsened substantially since her wrist surgeries. See Transcript at 49. For example, the ALJ's written decision fails to address claimant's reported inability to perform a number of routine

18

households tasks (e.g., wash windows, clean the floor, style her hair, open food jars), or her inability to perform gardening or hobby/craft activities. See Transcript at 154. And, while claimant acknowledged that she retained the ability to cook for herself, she also stated that the pain in her wrists affected how long that process takes as well as her decisions regarding what types of food she might prepare. Id., at 153.

Nor does the ALJ's written decision address claimant's testimony concerning the need to stagger household chores, so that she could perform only one major chore each day, or her claim that severe pain precludes her from writing for more than an hour, or her claim that she has difficulty lifting grocery bags (even when they are loaded in such a way as to make them fairly light). See Transcript at 40. Claimant's testimony, her daily routine, and her medical records appear to present a fairly consistent picture of a person who suffers from substantial, debilitating pain and who is unable to perform relatively routine daily tasks without assistance or severe and long-lasting

19

discomfort.  To the extent that the ALJ concluded that her testimony was exaggerated or inconsistent (either internally or with her medical record), he failed to discuss that point in his written order.

As for the ALJ's observation that claimant retains the ability to use public transportation (she does not have a car), visit friends, watch television, and listen to the radio, none of those activities necessarily undermines her claim that she suffers from disabling wrist pain.  She does not, for example, assert that she is precluded from sitting or standing for prolonged periods of time, a claim that might arguably be undermined by the fact that she engages in activities such as using public transportation or watching television.

The ALJ also did not address claimant's inability to use most pain medications (due to potential adverse interactions with other medications she is taking as a result of her heart surgery) or her hesitancy to undergo any additional surgical procedures

20

due to risks associated with having to stop her Coumadin therapy for three days in advance of any such surgery.  See Transcript at 42.  Nor did he address her claim that despite taking between one and four daily doses of Tylenol for pain (apparently the only pain medication she is permitted to use), she claimed to have realized only modest pain relief.  Finally, the ALJ's written order does not discuss any possible "precipitating or aggravating factors" which might contribute to claimant's pain.  See 20 C.F.R. § 404.1529(c)(3)(iii).  Here, claimant's medical records suggest that her condition may be aggravated by her depression (stemming from her then relatively recent divorce).  That depression might also be coloring her willingness to undergo additional testing and/or surgery.

The medical testing that claimant has undergone unambiguously confirms that she suffers from bilateral carpel tunnel syndrome.  However, that testing cannot confirm or deny claimant's assertions of disabling pain.  Consequently, an assessment of her credibility is particularly important.  By

21

discounting claimant's description of her pain, and by rejecting the opinion of her treating physician in favor of the opinion of the non-examining Disability Determination Services physicians who reviewed claimant's medical records, the ALJ concluded that claimant was capable of performing a range of light work (involving the frequent lifting of up to 10 pounds, and infrequent lifting of up to 20 pounds). However, the basis for the ALJ's decision to discount claimant's testimony is not entirely clear from his written order. The ALJ may not have considered all of the relevant factors bearing on claimant's credibility, because his written order fails to discuss them.

Where the objective medical evidence of the extent of claimant's pain is sparse, an ALJ must provide thorough written discussion of the Avery factors in support of his or her credibility determination, otherwise meaningful review is simply not possible. Here, such a discussion is lacking and, based upon the record before it, the court cannot conclude that the ALJ's credibility determination was based upon substantial evidence.

22

Because that credibility determination was a substantial factor in the ALJ's conclusion that claimant can perform a range of light work, a remand to the ALJ for further discussion of the factors outlined in <u>Avery</u> and 20 C.F.R. § 404.1529 is necessary.

**Conclusion**

For the foregoing reasons, the court concludes that the ALJ's written order discussing his assessment of claimant's credibility is not adequately supported in record. And, because that credibility determination (along with the decision to reject the disability opinion of claimant's treating physician) played a substantial role in the ALJ's determination that claimant was not disabled, remand to the ALJ for further elaboration on that point is appropriate. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for reconsideration, clarification of his original order, and, if he deems necessary, further hearing(s).

**SO ORDERED.**

_____

23

                              Steven J. McAuliffe
                              United States District Judge

June 15, 2000

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.