Stephenson v. Halter, et al.          CV-00-391-M    08/20/01
                        UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


Audrey M. Stephenson,
      Claimant

      v.                                    Civil No. 00-391-M
                                            Opinion No. 2001 DNH 154
William A. Halter,
Acting Commissioner, Social
Security Administration,
      Respondent


                            **O R D E R**


     By order dated June 21, 2001, the court denied claimant's

motion to reverse an Administrative Law Judge's determination

that she was not disabled within the meaning of the Social

Security Act.  She now moves for reconsideration of one aspect of

that decision.  Specifically, claimant challenges the court's

conclusion that the ALJ was not required to address her asserted

arthritis or colitis in considering whether she retained the

residual functional capacity to resume her past relevant work.

Stephenson v. Halter, 2001 DNH 118 at 19 (D.N.H. June 21, 2001).

In support of that conclusion, the court held:

          Here, the ALJ concluded that neither claimant's
          arthritis nor her colitis contributed in any meaningful
          way to further restrict her ability to engage in

> substantial gainful activity.  Consequently, the ALJ
> did not err in failing to discuss claimant's arthritis
> and/or colitis when, at step four of the sequential
> analysis, he concluded that she was capable of
> returning to her past relevant work.

Id., at 19-20.  Claimant says the court's conclusion is flawed because, pursuant to governing regulations, the ALJ was required to consider her arthritis and colitis at steps four and five of his five-step disability analysis, notwithstanding his conclusion that neither ailment had more than a minimal impact on claimant's ability to function.

As is illustrated by claimant's motion to reconsider, the ALJ's order lack's clarity with regard to his findings concerning claimant's alleged arthritis and colitis during her period of insured status (i.e., through September 30, 1996).  Specifically, it is unclear whether the ALJ: (1) concluded that the evidence was simply insufficient to support claimant's assertion that she suffered from arthritis and colitis during the relevant time period; or (2) acknowledged those ailments and implicitly concluded that they had no impact on her residual functional capacity ("RFC"); or (3) acknowledged the existence of those ailments and concluded that they were not severe, but omitted

2

them from his calculation of claimant's RFC. For example, in his written order, the ALJ referred to claimant's arthritis, colitis, and thyroid condition as "alleged impairments." Transcript at 13. Later in his order, the ALJ concluded that "the medical evidence did not establish that the claimant had severe arthritis, colitis, and [thyroid condition]." Transcript at 18. What is left unanswered is whether she suffered from "non-severe" cases of one or more of those ailments and, if so, how they impacted her RFC.[1]

To be sure, medical evidence concerning those ailments was minimal. For example, with regard to claimant's arthritis, the court observed that "claimant has called the court's attention to only a single reference in her medical records relating to her arthritis." Stephenson v. Halter, 2001 DNH 118 at 19 n.7 (D.N.H. June 21, 2001). As a result of the sparse evidence in the record supporting claimant's assertions concerning arthritis and colitis, the court concluded that, "the relative paucity of records relating to claimant's medical history (particularly her

_____

[1] It appears that claimant no longer presses her claim concerning a thyroid condition.

3

arthritis) makes it difficult to precisely determine the extent of her impairments." Id., at 18-19.

In support of her claim that the ALJ erred by failing to make any reference to her arthritis and colitis when he determined her residual functional capacity ("RFC") claimant says the ALJ:

> found that the arthritis and colitis were not severe either singularly or in combination with other impairments. That is fine as far as it goes. However, the law did not require the ALJ to find simply whether the acknowledged arthritis and colitis were alone or jointly (along with all other impairments) severe, but to evaluate the impact of all of them in relationship to all other deficits. That was not done here. . . . [C]laimant asserts that the [ALJ] recognized the non-severe impairments and then totally omitted them from the equation simply because they were not "severe."

Claimant's motion for reconsideration at 3-4 (citations omitted) (emphasis supplied). The highlighted text from claimant's motion is at the core of her argument. Of course, if the ALJ concluded that claimant did not suffer from either arthritis or colitis during the relevant time period, there was no need to address those claimed ailments when determining her residual functional capacity; they would simply drop out of the analysis. If,

however, the ALJ "acknowledged" those ailments (as claimant plausibly suggests), but deemed them to be non-severe, he was still required to consider them in determining claimant's RFC and in assessing whether she was precluded from performing her past relevant work.  See 40 C.F.R. § 404.1523 ("we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."); Social Security Ruling 96-8p, 1996 WL 374184 at *5 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may - when considered with limitations or restrictions due to other impairments - be critical to the outcome of a claim.").

Claimant presents a persuasive case for reconsideration - a reasonable reading of the record supports her assertion that, although he concluded claimant's ailments were "not severe," the ALJ did find that she suffered from arthritis and/or colitis to some degree but failed to address those ailments when he calculated her RFC. Claimant's point - that an ALJ must consider the combined effect of non-severe and severe impairments throughout the disability determination process - is well taken. Both the relevant regulations and pertinent Social Security Rulings require as much. And, in this case, the ALJ did not discuss the impact (if any) that claimant's non-severe impairments had on his determination that she retained the residual functional capacity to perform a range of light work and return to her former employment.

## Conclusion

Claimant's motion for reconsideration (document no. 11) is granted. Having reconsidered its earlier order and reviewed the administrative record, the court concludes that aspects of the ALJ's disability determination are sufficiently ambiguous to warrant remand for clarification. Specifically, the ALJ should

clarify whether claimant suffered from arthritis and/or colitis during the relevant period.  If she did suffer from those impairments (even if they were "not severe"), the ALJ should consider their effect at all stages of the sequential analysis and, in particular, in redetermining claimant's residual functional capacity.

Sections II and IV of the "Discussion" in the court's order dated June 21, 2001 (pages 17 through 20 and 22 through 24) are hereby vacated, claimant's motion to remand (document no. 4) is granted, and the Commissioner's motion to affirm (document no. 6) is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for further proceedings consistent with the terms of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August    , 2001

cc:  Kenneth J. Butterworth, Esq.
     David L. Broderick, Esq.

7